IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Noemi Andujar Lopez<br>**Plaintiff**<br>vs.<br>United States<br>**Defendant** | CIVIL NO.<br><br>**FEDERAL TORTS CLAIMS ACT 28 U.S.C. Sec.1346 (b), 2671-2680 and TORT ACTION PURSUANT TO ART. 1536 OF THE PUERTO RICO CIVIL CODE, 31 P. R. ANN. §10801** |

### COMPLAINT

**TO THE HONORABLE COURT:**

**APPEARS NOW** the Plaintiff in this action, Noemi Andujar Lopez, through the undersigned attorney, and respectfully states, alleges and prays as follows:

### I. JURISDICTION

1. This court has jurisdiction over the instant action pursuant to the Federal Tort Claims Act 28 U.S.C. Sec.1346 (b), 2671-2680. Since this is a claim brought against a federal agency (National Park Service) an administrative claim was presented under 28 U.S.C. Sec. 1346 (b) by certified mail; the agency denied the claim on April 4, 2024. The original Complaint was filed on January 16, 2024, and a voluntary dismissal was filed by Plaintiff on June 11, 2024.

2. Plaintiff hereby includes a tort action under Article 1536 of the Civil Code of Puerto Rico, 31 L.P.R.A. §10801, and Articles 20.01 and 20.03 of the Insurance Code

-1-

of Puerto Rico, 26 L.P.R.A. §§2001 and 2003, pursuant to the supplemental jurisdictional statute, 28 U.S.C. §1367 (a), in as much as all the allegations arise from a common nucleus of operative facts.

3. The matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, thus vesting jurisdiction in this Honorable Court pursuant to 28 U.S.C. §1332.

4. Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. §1391, since the events or omissions giving rise to this claim occurred in this district.

## II.  IDENTIFICATION OF PLAINTIFFS

5. Plaintiff, Noemi Andujar Lopez, is of legal age, single and is a resident of the Municipality of Caguas; her address is Valle Tolima, Calle Roberto Rivera Negron, L19, Caguas, PR 00727; Tel. (787) 560-6700.

## III. IDENTIFICATION OF DEFENDANTS

6. Defendant, United States is the named defendant in this case because an action has been brought against a federal agency under the Federal Tort Claims Act, in this case the National Park Service, for a slip and fall which occurred at the Castillo San Felipe del Morro which is part of the National Historic Site in San Juan, Puerto Rico.

7. The National Park Service is an instrumentality of the United States and, as per the FTCA, the government has waived its sovereign immunity regarding the claim for damages asserted against the National Park Service in the instant action. Hence, the United States is liable for the National Park Services' negligent conduct.

## IV. FACTS

8. On July 17, 2021, Noemi Andujar Lopez was visiting the Castillo San Felipe del

Morro National Historic Site when she tripped and fell on an area where the surface was uneven and with cracks on the floor.

9. The fall happened in front of the Chapel located inside and to the left of the entrance to the Castillo San Felipe del Morro.

10. Mrs. Andujar suffered a hard fall impacting her pelvis, back, right hand, right shoulder, right hip, right ankle and right foot causing her to lose consciousness for a couple of seconds.

11. The next day, Mrs. Andujar received medical assistance in the Emergency Room at the Hospital HIMA San Pablo in Caguas, Puerto Rico for pain in her right ankle, right foot, right hip, right hand and right shoulder.

12. Mrs. Andujar visited Dr. Benigno López López, orthopedic surgeon at the Instituto Ortopédico de Caguas. He treated Mrs. Andujar for severe lower back pain, spasms, and severe pain and inflammation of the right hip. He ordered a CT scan and for Mrs. Andujar to rest in bed for one (1) month.

13. Plaintiff received twelve (12) physical therapy sessions with Dr. Rafael Acevedo Román at Xcel Pain Management.

14. Dr. Benigno Lopez referred Mrs. Andujar to Dr. Doris Estera Vazquez for pain management. She ordered additional x-rays and MRI's. An MRI of the spine shows severe scoliosis with compression of spine and internal organs which is evidence of a severe aggravation of a pre-existing condition in Mrs. Andujar's back.

15. Dr. Estera recommended Mrs. Andujar to have surgery for her back condition, so plaintiff visited Dr. Emil Pastrana Ramirez and Dr. Yamil C. Rivera Colon, neurosurgeons, who told her surgery was not an option.

16. Dr. Estera recommended blocks on her back to help with the severe pain and no more physical therapy due to her condition.

17. Mrs. Andujar visited Dr. Hector Delucca Jimenez for pain management. He injected Mrs. Andujar with three (3) blocks on her back, but they had no effect. Dr. Delucca recommended nerve burning to relieve the pain, which took place during the last week of August 2024.

18. Mrs. Andujar presently complains of pain in her back and right hip area which irradiates to her left leg causing her severe pain and problems walking.

19. As a result of the accident Mrs. Andujar has a percentage of whole-body impairment and has had to receive psychiatric treatment for depression.

## IV. NEGLIGENCE

20. Defendants, through their own acts or omissions or the acts or omissions of their employees, agents, representatives, or assignees, have caused damages to Plaintiff through fault or negligence.

21. The accident and injuries suffered by Mrs. Andujar were caused by the negligence of the National Park Service by its failure to plan, provide, supervise and/or execute an adequate maintenance of the area were the accident occurred, despite the fact that the National Park Service had, or should have knowledge of the dangerous condition in the area, and/or by failing to adequately supervise any contractor, subcontractor or another entity designated by the National Park Service for the care and/or maintenance of the area. Due to the negligence incurred by the National Park Service, the United States of America is liable under the Federal Tort Claims Act, 28 U.S.C.§ 1346, and Article 1536 of the Civil Code of Puerto Rico.

21.    The National Park Service's negligence does not fall under any of the exceptions of 28 U.S. Code §2680, not even under the discretionary function exception. See: Berkovitz v. U.S., 486 U.S. 531, 536 (1988); Kennewick Irrigation Dist. v. U.S., 880 F.2d 1018, 1025 (9th Cir.1989); U.S. v. Gaubert, 499 U.S. 315, 322 (1991). "Where the challenged governmental activity **involves safety considerations** under an established policy rather than the balancing of competing public policy considerations, the rationale for the exception falls away and the Unites States will be responsible for the negligence of its employees". Aslakson v. United States, 790 F.2d 688, 693 (8th Cir. 1986), ARA Leisure Services v. United States, 831 F.2d 193 (9th Cir. 1987).

22.    As a direct and proximate result of Defendant's negligence, plaintiff sustained serious and permanent personal injuries; has incurred medical expenses, and other damages, and may need to incur medical expenses, and other damages in the future. Plaintiff has endured pain, suffering and mental anguish, and will continue to endure them in the future; has suffered a loss of the enjoyment of life, and will continue to suffer in the future; among other damages.

23.    The acts and or omissions set forth above would constitute a claim under the laws of Puerto Rico.

24.    The Defendant is liable pursuant to 28 U.S.C. 1346 (b) (1).

## VI. DAMAGES

25.    As a consequence of the negligence incurred by the National Park Service, Mrs. Andujar suffered a fall which has caused her extreme pain and suffering. She has received multiple therapy sessions to try to regain mobility of her back and hip but is permanently impaired.

26. As a direct result of the acts or omissions of the Defendants, Plaintiff has suffered physical injuries, pain and suffering, which have a reasonable value of no less than one hundred fifty thousand dollars ($150,000.00).

**WHEREFORE,** Plaintiff demands judgment against Defendants jointly and severally, in the amount of no less than **ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00)** as well as reasonable attorney's fees, and such further relief as to this Honorable Court may deem just and proper under the law.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of September 2024.

**S/PABLO H. MONTANER CORDERO**
USDC 213207

**MONTANER LAW OFFICES, PSC**
VIG Tower Suite 1202-A
1225 Ave. Ponce de León
San Juan, PR 00907
Tel. (787) 705-1444
montanerlaw@yahoo.com