UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NOEMÍ ANDÚJAR-LÓPEZ,
    Plaintiff,

v.

UNITED STATES OF AMERICA,
    Defendants.

Civil No. 24-1397 (ADC)

**OPINION AND ORDER**

Plaintiff Noemí Andújar-López ("Andujar-López" or "plaintiff") filed a complaint against the United States of America ("United States" or "defendant"). **ECF No. 1**. The United States moved to dismiss the complaint based on a lack of subject matter jurisdiction. **ECF No. 13**, at 11-13. For the reasons discussed below, the defendant's motion to dismiss is **GRANTED** and plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**I.     Factual and Procedural Background**

On September 3, 2024, Andújar-López filed a complaint against the United States seeking damages pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346.[1] **ECF No. 1**.

---

[1] Andujar-López previously filed a claim on January 16, 2024, against the United States, the United States Department of the Interior, the National Parks Service, the San Juan National Historic Site, the United States Department of Justice, and several unknown defendants under the FTCA. ECF No. 1, Civ. No. 24-1023 (SCC). In this complaint, Andujar-López alleged that on July 17, 2021, she fell while visiting El Morro "due to a hole in the area. The area was wet, and the floor was uneven." ECF No. 7, ¶ 7, Civ. No. 24-1023 (SCC). This prior complaint alleged that the defendants were negligent in maintaining El Morro because "there was hole on the floor, the surface was wet and uneven and there was no sign or warning about the dangerous condition, causing the accident of the plaintiff." *Id.*, ¶ 8. On June 11, 2024, Andujar-López requested voluntary dismissal of the case, and the court entered judgment on June 25, 2024, dismissing the case without prejudice. ECF No. 14, 12-14, Civ. No. 24-1023 (SCC).

Andujar-López alleges that the National Park Service ("NPS") was negligent in planning, providing, supervising, and/or executing adequate maintenance of the Castillo San Felipe del Morro National Historic Site ("El Morro"). *Id*., ¶¶ 2-3, 21. El Morro is an historical fortress located in San Juan, Puerto Rico. **ECF No. 13**, at 3. Construction for El Morro began in the 1500s and continued through 1790. *Id*. In 1961, the NPS acquired El Morro and its surrounding area. *Id*. Twenty-two years later, in 1983, it was designated a UNESCO World Heritage Site. *Id*.

The incident at issue here occurred when Andújar-López visited El Morro on July 17, 2021. As she was walking in the Plaza de Armas near the chapel at El Morro, she "tripped and fell on an area where the surface was uneven" and had "cracks on the floor." *Id*., ¶¶ 8-9; *see* **ECF No. 13**, at 8. The "hard fall" impacted her "pelvis, back, right hand, right shoulder, right hip, right ankle and right foot," and caused her "to lose consciousness for a couple of seconds." *Id*., ¶ 10. The next day, Andújar-López received emergency assistance at the Hospital HIMA for "pain in her right ankle, right foot, right hip, right hand and right shoulder." *Id*., ¶ 11. She also visited an orthopedic surgeon for symptoms of "severe lower back pain, spasms, and severe pain and inflammation of the right hip," and was ordered bed rest for one month. *Id*., ¶¶ 11-12. As a result of her injury, Andújar-López required physical therapy, and alleges that she has ongoing severe pain, problems with walking, whole-body impairment, and that she has needed psychiatric treatment for depression. *Id*., ¶¶ 10, 18-19. Andújar-López seeks $150,000 as

compensation for her physical injuries and pain and suffering damages, as well as reasonable attorneys' fees.

On February 14, 2024, the United States filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing that the Court lacked subject matter jurisdiction to entertain plaintiff's claims. **ECF No. 13**, at 11-12. Specifically, that the discretionary function exception of the FTCA applies because NPS' maintenance of El Morro was within the discretion of NPS employees and was policy-based, thereby limiting the United States' waiver of sovereign immunity. *Id.*, at 13-14, 19-20.

Andujar-López filed an opposition on February 20, 2025. **ECF No. 14**. The United States replied on March 18, 2025. **ECF No. 18**.

II.     **Legal Standard**

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Motions brought under Fed. R. Civ. P. 12(b)(1) are subject to the same standard of review as Fed. R. Civ. P. 12(b)(6) motions. *Torres v. Bella Vista Hosp., Inc.*, 523 F. Supp. 2d 123, 132 (D.P.R. 2007) (citing *Negrón-Gaztambide v. Hernández-Torres*, 35 F.3d 25, 27 (1st Cir. 1994)). As with a 12(b)(6) motion to dismiss, when reviewing a Rule 12(b)(1) motion to dismiss, courts "construe the [c]omplaint liberally and treat all well-pleaded facts as true, according to the plaintiff the benefit of all reasonable inferences." *Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015) (cleaned up). The plaintiff bears the burden of proving that

subject matter jurisdiction exists. *Rolón v. Rafael Rosario & Associates, Inc., et al.*, 450 F.Supp.2d 153, 156 (D.P.R. 2006).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the Court may consider all pleadings submitted by the parties. *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996). The Court "is not restricted to the face of the pleadings but may consider extra-pleading materials, such as affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction." *Fernández-Molinary v. Industrias la Famosa, Inc.*, 203 F. Supp. 2d 111, 114-15 (D.P.R. 2002) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)).[2]

### III. Discussion

The United States takes the position that this Court lacks subject matter jurisdiction because plaintiff's claims are excluded from the United States' FTCA waiver of sovereign immunity under the discretionary function exception. The Court agrees.

**1. Sovereign Immunity, the FTCA, and its Exceptions.**

Congress has granted district courts exclusive jurisdiction over:

[C]ivil actions on claims against the United States, for money damages… for injury or loss of property, or personal injury or death caused by the negligent or wrongful

---

[2] Andujar-López's main argument opposing the United States' motion to dismiss is that the Court cannot consider the declarations and attached exhibits the United States submitted in support of its motion to dismiss. **ECF No. 14**, at 4. In so arguing, Andujar-López incorrectly collapses the standard for evaluating a Fed. R. Civ. P. 12(b)(6) motion into the standard for evaluating a motion under Fed. R. Civ. P. 12(b)(1), stating that the Court may not consider any documents extrinsic to the complaint without converting the motion to dismiss into one for summary judgment. *Id*. In analyzing whether subject matter jurisdiction exists under Fed. R. Civ. P. 12(b)(1), however, the Court may indeed consider extra-pleading materials. *González v. United States*, 284 F.3d 281, 288 (1st Cir. 2002), *as corrected* (May 8, 2002); *Medina Grp., LLC v. Design Build, LLC*, No. CV 23-1160 (ADC), 2024 WL 265891 (D.P.R. Jan. 24, 2024).

> act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). It is black-letter law, however, that the United States and its agencies enjoy sovereign immunity from suit unless said immunity is waived. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued…."). "The FTCA constitutes 'a limited waiver of the federal government's sovereign immunity' against private suits." *Muñiz-Rivera v. United States*, 326 F.3d 8, 12 (1st Cir. 2003) (quoting *Shansky v. United States*, 164 F.3d 688, 690 (1st Cir. 1999)). "The [FTCA] gives federal district courts exclusive jurisdiction over claims against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of federal employees acting within the scope of their employment." *Levin v. United States*, 568 U.S. 503, 506 (2013) (internal quotation marks omitted).

The FTCA's limited waiver of the United States' sovereign immunity "must be construed in favor of the federal government, and must not be enlarged beyond such boundaries as its language plainly requires." *Bolduc v. United States*, 402 F.3d. 50, 56 (1st Cir. 2005) (cleaned up). Congress nevertheless excepted several categories of claims from this waiver. If a claim falls within one of those exceptions, a federal court consequently will lack subject matter jurisdiction

over the claim. *See Reyes-Colón v. United States*, 974 F.3d 56, 58 (1st Cir. 2020) ("[A]s with many rules, exceptions exist. And if one is present, the government's immunity remains intact—so the district court will lack subject [] matter jurisdiction over the tort claim.").

One such exception is the so-called "discretionary function exception," which preserves the United States' sovereign immunity against:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). "In short, 'the discretionary function exception insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment.'" *Torres-Estrada v. Cases*, 88 F.4th 14, 21 (1st Cir. 2023) (quoting *Berkovitz v. United States*, 486 U.S. 531, 537 (1988)). A two-part analysis determines whether this exception applies. "'[Y]es' answers to both questions mean the discretionary-function exception holds sway and sovereign immunity blocks the litigation. But a 'no' answer to either question means the exception does not apply and the suit may continue." *Mahon v. United States*, 742 F.3d 11, 14 (1st Cir. 2014).

The first prong of the analysis requires that the conduct must be properly described as discretionary—that is, the federal statute, regulation, or policy must not dictate the course of action of the federal employee such that he or she has no choice but to follow the directive. *See*

*Reyes-Colón*, 974 F.3d at 58 (citing *Mahon*, 742 F.3d at 14). Instead, the statute, regulation, or policy must not require specific action and the government actors in question must have latitude to make decisions and choose among alternative courses of action. *Bolduc*, 402 F.3d at 61.

Second, if the conduct is discretionary, then the exercise or non-exercise of the employee's discretion must be actually or potentially affected by policy-driven considerations. *Reyes-Colón*, 974 F.3d at 59 (citing *Evans v. United States*, 566 F.3d 375, 383 (1st Cir. 2017) and *Mahon*, 742 F.3d at 12). The employee need not have "consciously engaged in any analysis of any policy considerations," but the exercise of discretion must be potentially affected by policy-related judgments. *Davallou v. United States*, 998 F.3d 502, 505 (1st Cir. 2021). "[T]he discretionary function exception is not limited to high-level policymaking or planning functions. Rather, it can apply as well to day-to-day operational decisions." *Id.* at 505. The claimant bears the burden of rebutting the presumption that the discretionary act involves a policy judgment. *Evans*, 876 F.3d at 383.

### 2. The NPS' Actions Fall Within the Discretionary Function Exception.

The conduct at issue is NPS' alleged failure to maintain the floors of El Morro in safe condition, specifically the area near the chapel and the entrance to the fort. **ECF No. 1**, ¶¶ 8, 21; **ECF No. 13**, at 15. Defendant argues that NPS' maintenance of El Morro's floors falls within the discretionary function exception because (i) El Morro is managed consistent with NPS' Organic Act, NPS management policies, NPS Director's Order 50C, and NPS-28 Cultural Resource

**Civil No. 24-1397 (ADC)** **Page 8**

Management Guideline, all of which are executed in the discretion of NPS employees, **ECF No. 13**, at 15-18, and (ii) the decision not to modify the floors of El Morro was guided by NPS policy concerns about historical preservation, *id.*, at 19-24.

Andujar-López's primary argument against application of the discretionary function exception is that NPS' maintenance of El Morro implicates safety concerns, which are "not based on social, economic or political policies." **ECF No. 14**, at 7. Additionally, Andujar-López argues that, because a private person would be liable in a tort action, the government as well should be held liable here. *Id.*, at 8-9. Both arguments fail, and because NPS' maintenance of El Morro falls squarely within the discretionary function exception, the court need not reach the "private person" issue raised by plaintiff.

First, the NPS Organic Act outlines that the NPS:

[S]hall promote and regulate the use of the National Park System by means and measures that conform to the fundamental purpose of the System units, which purpose is to conserve the scenery, natural and historic objects, and wild life in the System units and to provide for the enjoyment of the scenery, natural and historic objects, and wild life in such manner and by such means as will leave them unimpaired for the enjoyment of future generations.

54 U.S.C.A. § 100101. The NPS Organic Act itself does not prescribe any specific conduct for NPS employees, but simply states the general aim of the NPS' work. Similarly, certain NPS policies and guidelines implementing the NPS Organic Act specify that NPS' mandate is carried out at the discretion of NPS employees. *See* **ECF 13-2**, at 232 (Policies 8.2.5.1, "Visitor Safety") ("The means by which public safety concerns are to be addressed is left to the discretion of

superintendents and other decision-makers at the park level who must work within the limits of funding and staffing."); *id.*, at 315-16 (NPS Director's Order, DO-50C) (Attachment C) (NPS superintendents, who have "the most direct responsibility for addressing risks to visitor safety," will "[e]xercise good judgment and discretion to promote a safe and enjoyable park visit while achieving the mandate of the NPS Organic Act"). Thus, NPS employees' actions are discretionary per the first prong of the analysis.

Second, the discretion of NPS employees in addressing safety concerns is rooted in the public policy concerns of the NPS, specifically the policy of preserving the historical and architectural integrity of El Morro. The Plaza de Armas, where Andújar-López alleges that she fell, is an original part of El Morro, and the decision not to modify the floors was rooted in policy concerns of preserving El Morro as "an archaeological site." *See* **ECF No. 13-2** (Declaration of Félix J. López, Cultural Resources Program Manager), ¶¶ 3-7, 9, 16; **ECF No. 13-3** (Declaration of Eric J. López, Park Historian), ¶¶ 3-6; **ECF No. 13-2**, Attachment B, ¶ 11 (2006 NPS Management Policies) ("The preservation of cultural resources in their existing states will always receive first consideration.").

Although Andújar-López argues – relying entirely on out-of-circuit case law – that the discretionary function exception should not apply when a safety consideration is at issue, the cases she cites are neither binding on this Court nor factually analogous to this case. **ECF No. 14**, at 6-8 (citing *Whisnant v. United States*, 400 F.3d 1177 (9th Cir. 2005) and *ARA Leisure Services*

*v. United States*, 831 F.2d 193 (9th Cir. 1987)). Both Ninth Circuit cases on which Andujar-López relies address factual scenarios where there were no public policy considerations relevant to the unsafe conditions at issue. *Id*. The United States, however, provides factually relevant, binding authority to support the position that, when competing safety and public policy considerations exist, it is within the discretion of the government employee to ground his or her decision in public policy concerns for conservation and preservation. **ECF No. 13**, at 21-22 (citing *Cassagnol-Figueroa v. United States*, 755 F. Supp. 514, 523 (D.P.R. 1991) and *Acevedo Vives v. U.S.*, No. CV 20-1580 (JAG), 2023 WL 8190860, at *1 (D.P.R. Nov. 27, 2023)). When, as here, the government employee's decision is discretionary and grounded in such public policy, any possible liability for negligence is shielded under the FTCA's discretionary function exception.

Moreover, Andújar-López provides no evidence to rebut the United States' showing that the discretionary acts of NPS employees were grounded in policy. *See* **ECF No. 13-2** (Declaration of Félix J. López, Cultural Resources Program Manager and attachments); **ECF No. 13-3** (Declaration of Eric J. López, Park Historian and attachments). Andujar-López only cursorily states that defendant's failure to "maintain the grounds of Fort San Felipe del Morro" is a "safety consideration, not based on social, economic or political policies." **ECF No. 14.** This is insufficient to satisfy Andújar-López's burden of rebutting the presumption – upheld by evidence provided by the United States – that the NPS' discretionary acts involve a policy judgment.

For these reasons, the United States is shielded from liability under the FTCA's discretionary function exception, and therefore Andújar-López's claims for damages under the FTCA must be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

## IV. Conclusion

The Court finds that Andujar-López's claims against the United States are barred by sovereign immunity. For that reason, the complaint must be dismissed. Accordingly, and for the reasons stated above, the Court **GRANTS** the United States' motion to dismiss at **ECF No. 13** and holds that Andújar-López's claims are hereby **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 19th day of  May, 2025.

                                                    **S/AIDA M. DELGADO-COLÓN**
                                                     **United States District Judge**